a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK ANTHONY JIMENEZ #87553-280,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01191<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHRIS MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Mark Anthony Jimenez ("Jimenez"). Jimenez is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. ECF No. 1. Jimenez challenges the constitutionality of his conviction and sentence.

Because Jimenez cannot satisfy the requirements of the savings clause of 28 U.S.C. § 2255, his § 2241 Petition (ECF Nos. 1, 5) should be DISMISSED for lack of jurisdiction.

I.  Background

Jimenez pleaded guilty to conspiracy to conduct the affairs of an enterprise through a pattern of racketeering in violation of 18 U.S.C. § 1962(d). *See* 5:11-CR-00675 (W.D. Tex.), ECF No. 816. According to court records, Jimenez was associated with the enterprise known as the Texas Syndicate, a criminal organization whose

members engaged in narcotics trafficking and violence. *See id.* at ECF No. 954. Following his conviction, the court sentenced Jimenez to 360 months of imprisonment. *See id.* at ECF No. 816.

Jimenez filed a motion to vacate under 28 U.S.C. § 2255, which was denied. *See* 5:11-CR-00675 (W.D. Tex.), ECF Nos. 950, 971. Jimenez filed subsequent § 2255 motions in the sentencing court, which were dismissed for lack of jurisdiction because Jimenez did not obtain authorization from the United States Court of Appeals for the Fifth Circuit. *Id.* at ECF Nos. 1067, 1076.

In his current habeas Petition, Jimenez claims that his conviction is unconstitutional because his plea was not knowing and voluntary and the court lacked jurisdiction to convict him. Thus, Jimenez claims that he is being subjected to involuntary servitude. ECF No. 5.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or

that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). And the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See*

3

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Jimenez is not challenging the manner in which his sentence is being executed. And Jimenez alleges that he does not need to meet the requirements of the savings clause because the court allegedly lacked jurisdiction to convict him and because his plea is invalid. ECF No. 1 at 13. However, such claims clearly arise under § 2255, and Jimenez can only proceed under § 2241 if he can meet the requirements of the savings clause. *See* 28 U.S.C. § 2255(b) (a claim that a "judgment was rendered without jurisdiction" is cognizable under § 2255).

Jimenez does not allege that his claim is based on any retroactively applicable Supreme Court decision. Instead, Jimenez claims that he "cannot surmount the standard set to be granted permission" to file another § 2255 motion. ECF No. 1 at 14. However, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878.

Since Jimenez cannot meet the requirements of the savings clause, this Court lacks jurisdiction to consider his claims.

### III. Conclusion

Because Jimenez cannot meet the requirements of the savings clause, IT IS RECOMMNEDED that the Petition (ECF Nos. 1, 5) be DISMSSED for lack of

jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Jimenez's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 25, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).